IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN R. CROSKY,

    Petitioner,                    CASE NO. 2:09-CV-499
                                     JUDGE GRAHAM
      v.                         MAGISTRATE JUDGE KING

MICHAEL SHEETS, Warden,

    Respondent.

## OPINION AND ORDER

On May 25, 2011, the Magistrate Judge issued an *Order and Report and Recommendation* denying Petitioner's motion to amend and request for an evidentiary hearing and stay of proceedings; denying Respondent's motion to strike Petitioner's supplemental reply in support of his motion to amend; and recommending that the action for a writ of habeas corpus be dismissed.  *Order and Report and Recommendation*, Doc. No. 34. Respondent and Petitioner have filed objections to the Magistrate Judge's *Order and Report and Recommendation*.  *See* Docs. 38, 44, 47.  For the reasons that follow, Respondent's objections are **OVERRULED.** Petitioner's objections are **OVERRULED.**  The Magistrate Judge's *Order and Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

This action is hereby **DISMISSED.**

### RESPONDENT'S OBJECTIONS

Respondent objects only to the denial of Respondent's motion to strike Petitioner's April 27, 2011, supplemental reply in support of his motion to amend the petition, Doc. 32,[1] on the basis that the filing does

---

[1] That filing was made under seal, at the direction of the Court, because the filing contained personal identifying information relating to a minor. *Order*, Doc. No. 31.

not in fact address the motion to amend, but instead discusses the sufficiency of the evidence and the allegations in the state court indictment. Respondent also contends that the filing is irrelevant and offensive, bears no relation to the request to amend the petition, and improperly supplements Petitioner's *Traverse. See Respondent's Objection*, Doc. 38.

Petitioner's supplemental reply has been filed under seal, precluding view by the general public of any arguably offensive language or identifying information relating to the minor victim. Further, this Court has considered the information and arguments contained in the filing only in support of Petitioner's claim of actual innocence. This claim, liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(pleadings of *pro se* prisoners are held to less stringent standards than pleadings drafted by lawyers), arguably supports Petitioner's motion to amend the petition.

Respondent's objection, Doc. 38, is therefore **DENIED.**

### PETITIONER'S OBJECTIONS[2]

In the objections filed by counsel on Petitioner's behalf, Petitioner first objects to the Magistrate Judge's denial of his February 17, 2011 *Motion for Leave to Amend*, Doc. No. 27. Petitioner argues that the Federal Rules of Civil Procedure, his *pro se* status, and *Mayle v. Felix*, 545 U.S. 644 (2005)(holding that a petitioner may not amend his habeas corpus petition to include new time-barred claims unless those

---

[2]Petitioner initially filed his objections, including more than 90 pages of exhibits, *pro se.* Doc. No. 44. Thereafter, counsel entered an appearance on behalf of petitioner, *see Notice of Appearance*, Doc. No.43, and filed yet additional objections. Doc. No. 47.

2

claims "relate back" to the date the initial habeas corpus petition was filed), all weigh in favor of granting his request to amend the petition. Petitioner now seeks to amend the petition to explain how certain email messages support a claim of prosecutorial misconduct. *Petitioner's Objections*, Doc. 47.

Petitioner has never previously asked to amend the petition in order to assert a new claim of prosecutorial misconduct. His *Motion for Leave to Amend*, Doc. No. 27, merely asked that he be permitted to support his previously asserted claims with additional legal authority. The Magistrate Judge denied that request as unreasonably delayed and because Petitioner's claims had already been clearly set forth in the *Petition*, in Petitioner's lengthy *Traverse,* and in the filings before the Ohio Court of Appeals. *Order and Report and Recommendation*, pp. 15-16, Doc. No. 34. Petitioner's current request, made in his counsel's objections, to amend the petition to include a new claim of prosecutorial misconduct based on a failure to disclose certain emails is untimely. Moreover, Petitioner has never presented a claim of prosecutorial misconduct to the state courts. As the Magistrate Judge reasoned, *Order and Report and Recommendation*, at 27-29, Petitioner has therefore waived this claim for federal habeas corpus review. Petitioner's objection to the Magistrate Judge's denial of his motion to amend the petition is **OVERRULED.**

Petitioner objects to the Magistrate Judge's recommendation that claims four, six and seven be dismissed. He argues that these claims raise an issue of the denial of Petitioner's ability to prepare an adequate defense based on a unconstitutionally broad indictment. That claim, however, has been waived due to Petitioner's failure to object to

3

the indictment before the trial court. *See Report and Recommendation*, at 25-26.

Petitioner also objects to the recommendation that the Court dismiss claim five, in which he asserts that the victim's repressed memories fail to provide a sufficient basis to sustain his convictions. Petitioner also asks to amend the petition to support this claim with copies of emails, some of which he has attached to his objections, which Petitioner contends were wrongfully withheld by the prosecution until January 2010.[3] According to Petitioner, these emails indicate that the State unlawfully hypnotized and coached the alleged victim in her testimony against Petitioner. Petitioner specifically refers to the following email, dated October 4, 2005, in support of this allegation:

> [The alleged victim] was told she could be hipmatised [sic] to forget and she said I do not want to forget until he and mom are put away. I want to reme[m]ber everything they did to me and of course Bryan.

*Exhibit B,* attached to *Petitioner's Objections,* Doc. No. 47. Petitioner now asserts that, due to the prosecutor's unconstitutional failure to disclose this and similar emails, he was unable to prepare a defense at trial. Petitioner also argues that these emails might have supported his request for disclosure of the grand jury testimony of the alleged victim. *See Petitioner's Objections,* Doc. No. 47, at 4; *Exhibits to Petitioner's Objections.*

On direct appeal to the Ohio Tenth District Court of Appeals,

---

[3] At the time that the Magistrate Judge issued her *Order and Report and Recommendation*, these emails were not, apparently, part of the record. *Order and Report and Recommendation*, p. 21.

4

Petitioner referred to the alleged victim's repressed memories only in connection with his claim that his convictions were against the manifest weight of the evidence – a claim that fails to present an issue appropriate for federal habeas corpus relief. Petitioner did not assert on direct appeal a federal claim challenging the sufficiency of the evidence. *See Jackson v. Virginia,* 443 U.S. 307 (1979). As the Magistrate Judge reasoned, Petitioner therefore did not properly preserve for federal habeas corpus review a federal claim based on the sufficiency of the evidence. *See Order and Report and Recommendation*, at 19-20. Thus, even if Petitioner were permitted to include, at this late date, evidence of these emails in support of his claim five, the merits of that claim would not be properly before this Court.[4]

Plaintiff's objections also seek to submit evidence of these emails in support of a claim of prosecutorial misconduct. However, Petitioner has never presented such a claim to the state courts. A claim of prosecutorial misconduct, therefore, appears to have been waived. *See* 28 U.S.C. § 2254(b), (c).

Lastly, Petitioner objects to the recommended dismissal of claim two, in which he charges that the trial court unconstitutionally removed his retained counsel of choice. Petitioner now argues that he was denied his right to be present during *in camera* discussions of the issue among the state court and counsel. In support of this claim, Petitioner refers to the transcript of the August 24, 2005 hearing on the issue of conflict of Petitioner's retained counsel – which Petitioner apparently attended.

---

[4]In any event, the quoted email does not, in the mind of this Court, provide evidence that the alleged victim was hypnotized. Indeed, the email seems to suggest that the contrary was true.

5

At the end of that hearing, the state trial judge concluded that Petitioner's retained counsel should not be permitted to represent Petitioner. Petitioner bases his proposed new claim on references made during that hearing to an earlier conference with the trial court, which Petitioner did not, presumably, attend:

> MR. SHAW [Petitioner's retained counsel]: . . . I didn't want to. . . move to withdraw as John's lawyer if [the attorney for Petitioner's co-defendant] was of the opinion that. . . [she] would rather have me on than off.  So I've just been sort of waiting for that determination.
>
> COURT: Thank you.  Ms. Scozzie.
>
> MS. SCOZZIE [The attorney for the State]: Your Honor, I have a different recollection of our last meeting.
>
> I know there was a conference in chambers between all the attorneys and yourself, and my understanding was that despite the fact that [co-defendant's attorney] was still sort of on the fence, that the Court had requested that Mr. Shaw get off the case and that Mr. Crosky employ new counsel.

*Transcript of August 24, 2005 Hearing*, Doc. No. 18, at 4; *see Petitioner's Objections,* Doc. No. 47, at 5.  Petitioner also refers to an August 3, 2005 email from Shirley Wiggins, the grandmother of the alleged victim, which states in relevant part as follows:

> . . . I had a call from Nicole and she said the Judge has ordered [J]ohn to get a new att[orney]. I thought that happened a month ago. . . .

*Exhibit B,* attached to *Petitioner's Objections,* Doc. No. 47.

Petitioner has not previously raised a claim of the denial of the right to be present during a critical stage of the proceedings and he may not at this late date amend his habeas corpus petition to include such a claim. Moreover, such a claim appears to have been waived because it

6

has never been presented to the state courts. *See Exhibits 16, 19,* attached to *Return of Writ,* Doc. No. 17. In any event, neither the quoted transcript nor the proffered email supports Petitioner's claim that he was denied the right to be present at a critical stage of the proceedings. Petitioner does not allege that he was not present at the August 24, 2005 hearing, at which the issue of conflict was finally decided. The fact that the state trial court may have conducted a conference with counsel in Petitioner's absence does not give rise to a constitutional violation. *See Kentucky v. Stincer,* 482 U.S. 730, 747 (1987)(a critical stage to which a criminal defendant is entitled to be present is one where defendant's presence "would have been useful in ensuring a more reliable determination"); *see also Pearson v. Morris,* 920 F.2d 933 (Table), 1990 WL 200307(6th Cir. December 12, 1990)("We have never held in this Circuit that the defendant's personal presence is constitutionally required during *every* type of in-chambers discussion").

As noted *supra*, Petitioner also filed his own, *pro se*, objections to the Magistrate Judge's *Order and Report and Recommendation.* Doc. No. 44. Petitioner objects to all of the Magistrate Judge's recommendations and conclusions and again raises all the arguments that he previously presented. In addition, Petitioner complains that he has been improperly denied extensions of time in which to file objections to the *Order and Report and Recommendation.* Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the record in this action and of the Magistrate Judge's recommended disposition of Petitioner's claims. The Court agrees with that recommended disposition. Moreover, the record

demonstrates that Petitioner has been provided ample opportunity – both *pro se* and through counsel – to file objections to the *Order and Report and Recommendation.*

After careful consideration of the entire record, Respondent's objections are **OVERRULED.**  Petitioner's objections are **OVERRULED.**  The *Order and Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT.**


Date: July 18, 2011                         s/James L. Graham
                                      James L. Graham
                                      United States District Judge