# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN R. CROSKY,**

    **Petitioner,**　　　　　　　　　**CASE NO. 2:09-CV-499**
　　　　　　　　　　　　　　　　　　　　**JUDGE GRAHAM**
    **v.**　　　　　　　　　　　　　　　**MAGISTRATE JUDGE KING**

**MICHAEL SHEETS, WARDEN,**

    **Respondent.**

## OPINION AND ORDER

On July 18, 2011, final judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Judgment,* Doc. No. 55. Petitioner has filed a notice of appeal and request for a certificate of appealability on his claims that he was denied a fair trial due to the prosecution's violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and because he was excluded from proceedings regarding the removal of his attorney, Douglas W. Shaw, ultimately resulting in Petitioner representing himself at trial. *Notice of Appeal and Request for Certificate of Appealability 28 U.S.C. §2253,* Doc. No. 61. For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED**.

This Court denied Petitioner's claim of prosecutorial misconduct – to the extent that he raised such a claim in his initial habeas corpus petition – as procedurally defaulted. The Court also denied Petitioner's July 5, 2011, request to assert yet another claim of prosecutorial misconduct -- raised in his objections to the *Report and Recommendation* – as untimely and procedurally defaulted. Petitioner's July 5, 2011, request to amend the petition to assert a claim of denial of the right to be present during a critical stage of the proceedings was also denied as untimely and defaulted. *Opinion and Order*, Doc. No. 54.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.,* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner has failed to establish that reasonable jurists would debate whether this Court correctly dismissed his claims as procedurally defaulted and properly denied Petitioner's untimely request to amend his petition to include new claims.  Under these circumstances, Petitioner's request for a certificate of appealability, Doc. No. 61, is therefore **DENIED.**


Date: October 18, 2011                   s/James L. Graham
                                             James L. Graham
                                             United States District Judge